UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSIS YOSELIN ZELAYA SAGASTUME, et al.<br><br>Petitioners<br><br>v.<br><br>GREAGORY J. ARCHAMBEAULT, et al.<br><br>Defendants. | Case No.: 20cv658-LAB (MSB)<br><br>**ORDER REQUIRING PETITIONERS TO SUPPLEMENT MOTION FOR TEMPORARY RESTRAINING ORDER** |

Petitioners' Motion for a temporary restraining order seeks their immediate release from custody. The supporting declarations do not fully explain how this could be safely accomplished. In particular, they do not make clear that all four of the Petitioners have places where they can safely stay if the Court were to order them released.

Of the four Petitioners, only Issis Zelaya appears to have a place in this area where she can safely stay if she were to be released. (Englert Decl., ¶¶ 8, 13.)

Miguel Benitez has relatives in the U.S., but they live in the Houston area. (Russell Decl., ¶¶ 8, 17.) But instead of living with them, he plans to live at Casa Marianella, a shelter in Austin. He would first quarantine at a hotel before moving

1

to one of Casa Marianella's houses. The declaration does not make clear Casa Marianella could accept him now, or what he would do if it could not. It also does not show that he could feasibly travel to Texas if released.

Yusuf Ozdemir and his common law wife Jane Doe appear to be in the most precarious position, and their plans are the least specific. Both arrived in the US nearly a year ago, and apparently have no family or close contacts here. If released, their plan is to be housed either with a host family in the community, or else in "the local migrant family shelter."[1] (Felix Decl., ¶ 19.) The declaration does not say how their basic needs other than housing would be met.

One of the unfortunate repercussions of the COVID-19 pandemic has been the shortage of housing where people who otherwise would be homeless can safely shelter in place. Even before the pandemic, California had significantly less shelter space than its homeless population needed. Precautions to prevent the virus' spread, while necessary, have reduced the available space still further. The California Governor's Executive Order N-33-20 requires individuals to stay at their place of residence except when necessary to leave for certain enumerated reasons. Violation of the order is a misdemeanor. Because of the large number of homeless people who are at particular risk of contracting and spreading COVID-19 and the increased strain on shelters, Executive Order N-32-20 put in place certain emergency measures to provide more funding, and the state has been purchasing trailers and leasing hotels and motels in an effort to provide housing where people can isolate safely, as required by Executive Order N-33-20. The Centers for Disease Control and Prevention have issued guidance, pointing out

---

[1] This might be the Jewish Family Service's Migrant Family Shelter. If so, it is not clear the shelter could accept them for a long-term stay or provide for their long-term needs such as medical care. According to the organization's website (www.jfssd.org), most migrants stay in the shelter for only a few days while their immediate needs are addressed, before they move to more permanent homes.

that lack of shelter creates particular hazards, and recommending that permanent housing should be a priority.[2]

Assuming Benitez could safely relocate to Texas, the situation there may be similar. *See* Nancy Flores, *Austin Immigrant Shelter Braces for Ripple Effects of Coronavirus*, Austin American-Statesman, April 3, 2020, n.p. (discussing effects of the pandemic on operations at Casa Marianella's shelters).

The merits of their claims aside, the Court's ability to order their release depends on their having a safe place to stay. Releasing them from ICE custody onto the streets would be dangerous to them and others, would put them in violation of the Governor's order, and would violate both federal and state policy. In order to show that the TRO's request for immediate release is justiciable, Petitioners must show that the Court could grant it.

No later than **Monday, April 13 at noon**, Petitioners must supplement their TRO motion with one or more declarations showing that Benitez, Ozdemir, and Doe would have a safe place to stay and would have other necessary support if released. In Benitez's case, the declaration must show that he could safely travel to Texas and that Casa Marianella or some other shelter would accept him. In the case of Ozdemir and Doe, the declaration must show that they could and would stay with a host family or in an appropriate shelter. Stating their hopes or intentions is not enough; the declaration must show they can and would do these things.

///
///
///
///
///

---

[2] *See* CDC website at < https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/unsheltered-homelessness.html> (accessed April 7, 2020).

If they cannot file declarations by the deadline, they should file a memorandum setting forth the facts in as much detail as possible, and must file the declarations as soon after that as they can.

**IT IS SO ORDERED**.

Dated: April 8, 2020

Honorable Larry Alan Burns
Chief United States District Judge